**IN THE COUNTY COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA**

WILLIAM A. SALBECK, JR.,

Plaintiff, CASE NO.:

v.

RESURGENT CAPITAL SERVICES, LP.,

Defendant.
_______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW**, Plaintiff, WILLIAM A. SALBECK, JR. ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, RESURGENT CAPITAL SERVICES, LP., ("Defendant"), and states the following:

**INTRODUCTION**

1. Plaintiff's action is based on the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (the "FDCPA") and Florida Consumer Collection Practices Act, § 559.55 et seq. ("FCCPA").

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to Fla. Stat. § 34.01(1) and § 86.011, and the FDCPA, 15 U.S.C. § 1692k(d).

3. The matter in controversy does not exceed the jurisdictional limit of this Court, exclusive of attorneys' fees and costs.

4. This Court has personal jurisdiction over Defendant pursuant to Fla. Stat. § 48.193 because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained conduct of Defendant occurred within Brevard County, Florida.

5. Venue for this action is proper in this Court because, pursuant to Fla. Stat. § 47.051, et seq., the cause of action alleged below arose in Brevard County, Florida.

**PARTIES**

6. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Rockledge, Brevard County, Florida, and a "Consumer" as defined by the FDCPA, 15 U.S.C § 1692a(3), and Fla. Stat. § 559.55(2).

7. Defendant is a company, with its principal place of business in Greenville, South Carolina.

8. Defendant is registered to conduct business in the State of Florida as a foreign limited partnership where its Registered Agent is CORPORATION SERVICE COMPANY, 1201 Hays Street, Tallahassee, FL 32301-2525

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant is a "Debt Collector" within the meaning of the FDCPA, 15 U.S.C. §1692a(6), in that it uses an instrumentality of interstate commerce, including postal mail and the internet, for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. Defendant is a "Debt Collector" within the meaning of the FCCPA, § 559.55(6)(a-f), in that it uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. At all material times herein, Defendant was a "person" subject to the FCCPA, § 559.72.

*See* Fla. Stat. § 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

15. At all material times herein, Defendant's conduct, with respect to the debt complained of below, qualifies as "communication" as defined by Fla. Stat. § 559.55 and 15 U.S.C § 1692a(2).

16. Defendant is registered with the Florida Office of Financial Regulation as a Consumer Collection Agency ("CCA"), holding license number CCA0900145.

17. As a licensed CCA, Defendant knows, or should know, the requirements of the FDCPA and FCCPA.

18. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

19. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

20. For example, Defendant does maintain and keep updated within seven (7) days the records required by, inter alia, Florida Administrative Code Rule 69V-180.080(1), (3), (6), (7), (9), (10) and (11).

21. Further, Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

**GENERAL ALLEGATIONS**

22. The instant action arises out of Defendant's attempt to collect on consumer debts that are not the debts owed by Plaintiff ("Alleged Subject Debts").

23. Plaintiff allegedly incurred financial obligations that were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), and Fla. Stat. § 559.55(1).

24. On or about April 10, 2026, Defendant began attempting to collect the Alleged Subject Debts from Plaintiff, by adding three (3) collection accounts to Plaintiff's portal; (1) Capital One Bank, N.A. (Account No. – 0910), (2) Capital One, N.A. (Account No. – 0041), and (3) Credit One Bank, N.A. (Account No. – 7826). *See* **Composite Exhibit "A."**

25. Defendant began engaging in debt collection activities against Plaintiff as to the Alleged Subject Debts.

26. Plaintiff notified Defendant that the Alleged Subject Debts were not his, but Defendant has continued to seek payment from Plaintiff for the Alleged Subject Debts.

27. Plaintiff also advised Defendant that the social security numbers attached to the Alleged Subject Debts were not his, but Defendant has continued to seek payment from Plaintiff for the Alleged Subject Debts.

28. Plaintiff has suffered a concrete harm as a result of Defendant's actions including but not limited to mental anguish, emotional distress, embarrassment and shame, loss of enjoyment of life, depression, anxiety, aggravation, loss of appetite and energy, sleep disturbance and loss of sleep, loss of concentration, and fear of potential legal action.

29. All conditions precedent to bringing this action have occurred, been performed or excused.

## COUNT I: VIOLATION OF THE FDCPA, 15 U.S.C § 1692e(10)

30. Plaintiff re-alleges and reincorporates by reference Paragraphs 1-29 above as if fully set forth herein.

31. Pursuant to § 1692e(10) of the FDCPA, a Debt Collector cannot "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

32. Defendant violated 15 U.S.C. § 1692e(10) when it added the three (3) Alleged Subject Debts accounts to Plaintiff's Resurgent portal, in an attempt to collect these debts.

33. The Alleged Subject Debts are not Plaintiff's accounts, are not tied to Plaintiff's social security number, and are not his debts.

34. Defendant's conduct renders it liable for the above-stated violation of the FDCPA.

35. Defendant's violation of 15 U.S.C. § 1692e(10) renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff requests relief and judgment as follows:

(a) Statutory damages pursuant to 15 U.S.C § 1692k(a)(2)(A);

(b) Actual damages pursuant to 15 U.S.C § 1692k(a)(1);

(c) Reasonable attorneys' fees and costs, including expert fees, pursuant 15 U.S.C § 1692k(a)(3); and

(d) Any other relief that this Court deems appropriate under the circumstances.

**COUNT II: VIOLATION OF THE FDCPA, 15 U.S.C § 1692f(1)**

36. Plaintiff re-alleges and reincorporates by reference Paragraphs 1-29 above as if fully set forth herein.

37. Pursuant to § 1692f(1) of the FDCPA, a Debt Collector cannot attempt the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

38. Defendant violated 15 U.S.C. § 1692f(1) when it added the three (3) Alleged Subject Debts accounts to Plaintiff's Resurgent portal, in an attempt to collect these debts which which are not Plaintiff's accounts, are not tied to Plaintiff's social security number, nor Plaintiff's debts.

39. Defendant's conduct renders it liable for the above-stated violation of the FDCPA.

40. Defendant's violation of 15 U.S.C. § 1692f(1) renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff requests relief and judgment as follows:

(a) Statutory damages pursuant to 15 U.S.C § 1692k(a)(2)(A);

(b) Actual damages pursuant to 15 U.S.C §1692k(a)(1);

(c) Reasonable attorneys' fees and costs, including expert fees, pursuant 15 U.S.C § 1692k(a)(3); and

(d) Any other relief that this Court deems appropriate under the circumstances.

**COUNT III: VIOLATION OF FLA. STAT. § 559.72(9)**

41. Plaintiff re-alleges and reincorporates by reference Paragraphs 1-29 above as if fully set forth herein.

42. Pursuant to Fla. Stat. § 559.72(9), a Debt Collector cannot attempt to "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

43. Defendant violated Fla. Stat. § 559.72(9) when it added the three (3) Alleged Subject Debts accounts to Plaintiff's Resurgent portal in an attempt to collect these debts which are not Plaintiff's accounts nor debts.

44. Defendant further violated Fla. Stat. § 559.72(9) when it continued to seek payment from Plaintiff for the Alleged Subject Debts after Plaintiff notified Defendant that these were not his accounts, and that the social security number attached to these accounts was not his,

45. Defendant's conduct renders it liable for the above-stated violation of the FCCPA.

46. Defendant's violation of Fla. Stat. § 559.72(9) renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, Fla. Stat. § 559.77.

**WHEREFORE**, Plaintiff requests relief and judgment as follows:

(a) Statutory damages pursuant to Fla. Stat. § 559.77(2);

(b) Actual damages pursuant to Fla. Stat. § 559.77(2);

(c) Reasonable attorneys' fees and costs, including expert fees, pursuant Fla. Stat. § 559.77(2); and

(d) Any other relief that this Court deems appropriate under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 8th day of May 2026.

**ETHAN BABB LAW FIRM**

/s/ Samantha Wood
**SAMANTHA R. WOOD, ESQ.**
Florida Bar No. 1003177
Email: swood@babblaw.com
Secondary: cthompson@babblaw.com
**ETHAN B. BABB, ESQ.**
Florida Bar No. 127488
Email: ebabb@babblaw.com
Secondary: kschofield@babblaw.com
6013 Farcenda Place, Suite 101
Melbourne, FL 32940
Phone: (321) 529-2222
Fax: (321) 529-2929
*Counsel for Plaintiff*

11:42

portal.resurgent.com

**Capital One, N.A.**
**(...0041)**

**No Payments Scheduled**

**$2,616.75**
Current Balance

**April 05, 2022**
Last Payment Date

---

**Save up to $1,570.05 today.**

**Payment Options**

Account Details

**Credit One Bank, N.A.**
**(...7826)**

11:43

portal.resurgent.com

**Credit One Bank, N.A.**
**(...7826)**

**No Payments Scheduled**

**$1,010.27**
Current Balance

**April 13, 2022**
Last Payment Date

**Save up to $353.59 today.**

**Payment Options**

Account Details

**Credit One Bank, N.A.**
**(...0910)**

**No Payments Scheduled**

Composite Exhibit "A"

11:43

portal.resurgent.com

**Save up to $353.59 today.**

**Payment Options**

Account Details

**Credit One Bank, N.A.**
**(...0910)**

**No Payments Scheduled**

**$820.66**
Current Balance

**June 07, 2022**
Last Payment Date

**Save up to $164.13 today.**

**Payment Options**

Composite Exhibit "A"

Account Details

Filing # 247826486 E-Filed 05/08/2026 08:57:40 PM

# EXHIBIT A

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR (BREVARD/SEMINOLE) COUNTY, FLORIDA

WILLIAM A. SALBECK, JR.,

Plaintiff,

v.

Case No ______________________

RESURGENT CAPITAL SERVICES, LP.,

Defendant.

## CIVIL CASE MANAGEMENT TRACK DESIGNATION FORM

**I.** **Case Track Assignment** (track must be selected with a "check mark" or "X"): Case disposition times for all case tracks have been established in accordance with Rule 2.250(a)(1)(B), *Florida Rules of General Practice and Judicial Administration.*

_____ **Streamlined Track**: Case to be resolved within 12 months after the expiration of the time to perfect service of process under *Fla.R.Civ.P.* 1.070(j) (120 days). *"Streamlined"* cases should have few parties and witnesses, few anticipated pretrial motions, minimal discovery, and document production.

__X__ **General Track**: Case resolved within 18 months after the expiration of the time to perfect service of process under *Fla.R.Civ.P.* 1.070(j) (120 days). "*General*" cases are all other actions that do not meet the criteria for streamlined or complex.

_____ **Complex Track**: Case to be resolved within 30 months after the expiration of the time to perfect service of process under *Fla.R.Civ.P.* 1.070(j) (120 days). The Court will issue an initial General Track Case Management Order, and thereafter parties shall comply with *Fla.R.Civ.P.* 1.201(a) by filing an appropriate motion to declare the case complex and serving such motion to the assigned judge.

**II.** **Trial Information**

- **Identification of Jury or Non-Jury Trial**: __X__ **Jury Trial**; _____ **Non-Jury Trial.**
- **Estimated Length of Trial** (specify the number of trial days): 3-4 __________.

**I CERTIFY** that the information I have provided above is accurate to the best of my knowledge and belief, and that I have read and will comply with the Court's current Administrative Order on Case Management.

Signature: *Samantha R. Wood* Fla. Bar #(if attorney) 1003177
Attorney or party

Printed Name: Samantha R. Wood Date: May 8, 2026